UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD PENCE, *et al.*,

      Plaintiffs,

v.

MUNSON HOSPITAL, *et al.*,

      Defendants.

_____/

CASE NO. 1:17-CV-432

HON. ROBERT J. JONKER

## ORDER

      Plaintiffs filed this case pro se. The Court noted in an earlier Order (ECF No. 42) that it is not clear exactly what causes of action Plaintiffs believe they have, or exactly what relief they are seeking. (PageID.434.) This is problematic because, among other things, Plaintiffs have the burden of establishing subject matter jurisdiction and have yet to do so. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). The Court encouraged Plaintiffs to secure counsel, but Plaintiffs have not done that. All Defendants have filed motions to dismiss, (ECF Nos. 18, 19, 23, 30, and Plaintiffs' responses to the Motions to Dismiss fail to clarify Plaintiffs' claims and desired relief. Despite ample time for Plaintiffs to articulate their claims and describe the relief they want, Plaintiffs have failed to do so.

      To the extent Plaintiffs seek to assert claims under state law, there is no diversity of citizenship, and supplemental jurisdiction provides the only basis for the Court to consider any state law claims here. The Court declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c). To the extent Plaintiffs try to assert federal claims, Plaintiffs' complaint and other filings are so

disjointed and confused that they fail to raise a substantial federal question and must be dismissed for lack of jurisdiction. *Shapiro v. McManus*, 136 S.Ct. 450, 455 (2015) (noting "the familiar proposition that '[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a *substantial* federal question should be presented'") (quoting *Ex Parte Paresky*, 290 U.S. 30, 31 (1933) (per curiam) (emphasis added)); *Walburn, supra* (Plaintiff has burden of establishing subject matter jurisdiction); *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) ("Specifically, the plaintiff [invoking federal question jurisdiction] must show that the complaint alleges a claim under federal law, and that the claim is substantial.").

**ACCORDINGLY, IT IS ORDERED** that this matter is **DISMISSED** for lack of subject matter jurisdiction.

This case is **CLOSED**.

Date:   August 3, 2017                /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      CHIEF UNITED STATES DISTRICT JUDGE